IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12 cr 33-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KENNETH ASHE. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard before the undersigned, pursuant to a Motion to Withdraw as Counsel for Defendant (#72) filed by Defendant's attorney Rodney G. Hasty. In the motion, Mr. Hasty request permission to withdraw as counsel for Defendant and states "there is a complete breakdown in counsel's ability to communicate effectively with the Defendant, and denying this Motion and forcing counsel to remain in the case would seriously impair the Defendant's ability to receive his constitutional right to assistance of counsel." At the call of this matter on for hearing it appeared that Defendant was present with his attorney, Ms. Hasty and the Government was present through Assistant United States Attorney Richard Edwards. And from the statements of Mr. Hasty, the Defendant, and the arguments of Mr. Hasty and the arguments of Mr. Edwards, the Court makes the following findings.

1

**Findings.** The undersigned determined at the call of the hearing of the motion, there could possibly be confidential communications between Defendant and Mr. Hasty that would disclosed and therefore conducted the hearing of the motion to withdraw as a sealed proceeding in which Mr. Edwards was excluded. After conducting the hearing with Defendant and Mr. Hasty in the sealed proceeding, the undersigned closed the sealed proceeding and invited Mr. Edwards to appear again in the courtroom.

Defendant was charged in a single count of a bill of indictment charging him with conspiracy to traffic in crack cocaine. Defendant entered a guilty plea (#54) on March 19, 2013 to that charge. The Presentence Report has been filed in this matter but sentencing has not been scheduled.

The undersigned made an inquiry in the sealed proceeding as to the reasons for any conflict between Defendant and Mr. Hasty. This inquiry shall appear in the sealed proceeding record. It is the opinion of Mr. Hasty that his ability to communicate effectively with Defendant is nonexistent. This failure to communicate is not due to any fault of Mr. Hasty.

Upon inquiry, the undersigned found that this matter has not yet been scheduled for sentencing.

**Discussion.** An indigent Defendant has no right to have a particular lawyer

represent him or her and can demand a different appointed attorney only with good cause.  US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986)  The determination of whether or not a motion to withdraw should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule.  Morris v. Slappy, 461 U.S. 1 (1983)  In considering the motion herein, undersigned has considered the following factors:  (1) timeliness of the motion; (2) inquiry as to the reasons why Mr. Hasty has filed the motion to withdraw; and (3) whether or not there is such a conflict between Defendant and Mr. Hasty that is so great it has resulted in a total lack of communication preventing an adequate defense.  United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

Although the Presentence Report in this matter has been filed, the sentencing in the case has not yet been scheduled.  As a result, the undersigned will weigh this factor in favor of granting the motion.

The undersigned inquired as to the reasons for the conflict between Defendant and Mr. Hasty.  As stated above, it appears it is Mr. Hasty's opinion that he and Defendant can no longer communicate in regard to this case.  Without disclosing the reasons for this lack of noncommunication, the Court is of the opinion that the lack of communication is based upon decisions made by

Defendant and not based upon any act or failure to act or provide counsel on the part of Mr. Hasty. The undersigned has given great consideration to this factor and has determined, based upon the opinion of Mr. Hasty, to weigh this factor in favor of granting Mr. Hasty's motion.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Mr. Hasty and Defendant that there is a total lack of communication between them preventing an adequate defense. Based upon the statements made by Mr. Hasty and Defendant, the undersigned has determined there is such a conflict between Mr. Hasty and Defendant that is a total lack of communication between them preventing a defense.

After considering all of the above referenced factors, it appears there is time before sentencing within which to appoint other counsel who can obtain knowledge of the case equal to that as possessed by Mr. Hasty. As a result of the inquiry made by the undersigned, it does appear there is a lack of communication between Mr. Hasty and Defendant that would prevent an adequate defense and after weighing all of the factors, the Court has determined their weight should be in favor of granting the motion of Mr. Hasty to withdraw. Based upon the foregoing, the undersigned has determined to enter an Order allowing the Motion to Withdraw (#72) and order the appointment of substitute counsel.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw (#72) of Rodney G. Hasty is hereby **ALLOWED**. Mr. Hasty is ordered and directed to, as expeditiously as possible, provide all discovery and other documents, photographs, reports and any other materials that Mr. Hasty has obtained in the investigation of this matter to substitute counsel and further that Mr. Hasty provide assistance to substitute counsel to assist Defendant. It is further **ORDERED** that the Federal Defenders' Office shall forthwith appoint substitute counsel to represent Defendant in this matter.

Signed: August 12, 2013

Dennis L. Howell
United States Magistrate Judge