IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12 cr 33-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KENNETH ASHE. | ) | |
| | ) | |

**THIS MATTER** came on to be heard before the undersigned, pursuant to an *Ex Parte* Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (#117), on October 31, 2013. In the motion, Defendant's attorney Fredilyn Sison requests permission to withdraw as counsel for Defendant. At the call of this matter on for hearing, it appeared that Defendant was present and his attorney Ms. Sison was present, and the Government was present and represented by Assistant United States Attorney Tom Kent. From the evidence offered and the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney, the Court makes the following findings.

**Findings.** At the call of this matter, Ms. Sison advised the Court that in hearing the matter it was her opinion that she would have to disclose confidential communications between herself and the Defendant and Ms. Sison then moved to seal the proceedings and to exclude the United States Attorney. After providing

1

Mr. Kent an opportunity to be heard, the undersigned granted the motion and sealed the proceeding. The information provided by Ms. Sison and by the Defendant shall appear in the sealed record. It is the opinion of the Court there was revealed, during this hearing, confidential communications between Ms. Sison and Defendant.

After conducting the sealed proceeding and making inquiry of Defendant and Ms. Sison, the undersigned opened the courtroom and allowed Mr. Kent to return to the courtroom. The undersigned then heard arguments from Mr. Kent who objected to Ms. Sison's request that she be allowed to withdraw as counsel for Defendant.

The records in this cause show that Defendant was charged in a bill of indictment filed on December 4, 2012 with conspiracy to traffic in crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. On February 19, 2013, Defendant executed a plea agreement (#48) in which he agreed to plead guilty to the single count as contained in the bill of indictment. This Court conducted a Rule 11 inquiry and accepted Defendant's plea of guilty (#54) on March 19, 2013. Thereafter, the Presentence Investigation Report (#71) was filed in this matter on June 28, 2013. On July 12, 2013, Mr. Rodney Hasty, attorney for Defendant, filed a Motion to Withdraw as Counsel for Defendant (#72). Prior to the hearing of that

motion, a Final Presentence Investigation Report (#73) was filed on July 19, 2013. After hearing the motion to withdraw, the undersigned allowed the motion on August 6, 2013 and attorney Eric J. Foster was appointed to represent Defendant. On August 14, 2013, Mr. Foster filed an Ex Parte Motion to Withdraw (#82) as counsel for Defendant. That motion was heard on August 21, 2013 and was allowed. Ms. Sison was then appointed to represent Defendant.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion to withdraw should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why Ms. Sison wishes to withdraw from the representation of Defendant in this matter; and (3) whether or not there is such a conflict between the Defendant and Ms. Sison that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

Although the undersigned has considered that Ms. Sison has promptly filed

her motion to withdraw, on the other hand, the Court must consider that Defendant entered a plea of guilty in March of 2013 and the Presentence Report has been prepared and if it were not for pending motions made by Defendant, the Defendant would have already been sentenced. As a result, this factor must be weighed against granting the motion.

The undersigned has made an inquiry as to the reasons why Ms. Sison desires to withdraw. Without revealing the content of the sealed proceedings or the reasons for withdrawal of previous counsel, it appears the reasons for the request for withdrawal of each of the three attorneys who have represented Defendant are consistent. The Defendant wishes to withdraw his plea of guilty and counsel is in fear that in presenting such a contention they will violate the Rules of Professional Conduct of the North Carolina State Bar. It appears that the Rule that is of concern of each attorney is Rule 3.1. Rule 3.1 of the Rules of Professional Conduct of the North Carolina State Bar state as follows:

> **Rule 3.1:** MERITORIOUS CLAIMS AND CONTENTIONS
>
> A lawyer shall not bring or defend in a proceeding, or assert or controvert an issue therein, unless there is a basis in fact and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding or the respondent in a proceeding that could result in incarceration may nevertheless so defend the proceeding so as to require that every element of the case be established.

It also appears that there is a concern by Ms. Sison that the requirements of Rule 3.3 of the Rules of Professional Conduct. This Rule provides as follows:

> **Rule 3.3:** CANDOR TOWARD THE TRIBUNAL
>
> (a) A lawyer shall not knowingly (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, is offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

The undersigned has considered the arguments of Ms. Sison but finds that any ethical attorney who would be confronted with the ethical issues in this case may be required to file a motion to withdraw. This would lead to a circumstance where the only lawyer who could represent Defendant would be an attorney who would not comply with the Rules of Professional Conduct. The undersigned will weigh this factor against granting the motion.

The undersigned has further examined the matter to determine whether or not there is such a conflict between Defendant and Ms. Sison such that there is total lack of communication between them preventing an adequate defense. Such a circumstance does not exist in this case.

After considering all the factors, it appears that all factors weigh in favor of denying the motion to withdraw.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the *Ex Parte* Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (#117) is hereby **DENIED.**

Signed: November 4, 2013

Dennis L. Howell
United States Magistrate Judge