# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:12-cr-00033-MR-DLH-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **KENNETH ASHE.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* letter, which the Court construes as a motion for oral argument [Doc. 194]; the Defendant's *pro se* motion for bond [Doc. 195]; and the Defendant's *pro se* motion for discovery [Doc. 199].

The Defendant's case is currently on appeal before the Fourth Circuit Court of Appeals. Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). As such, this Court lacks jurisdiction to entertain the Defendant's motions.

Moreover, the Defendant is currently represented by counsel on appeal. The Court does not ordinarily entertain motions filed by a criminal defendant who is represented by counsel and who has not formally waived his right to counsel. See LCrR 47.1(H). Thus, even if the Court could exercise jurisdiction over the Defendant's motions, they would be denied as improperly filed.

**IT IS, THEREFORE, ORDERED** that the Defendant's motions [Docs. 194, 195, 199] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: July 28, 2014

Martin Reidinger
United States District Judge