# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 CR 33-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KENNETH ASHE, ) | |
|       **Defendant.** ) | |
| _____ ) | |

This matter is before the Court following a hearing held on October 2, 2018, which addressed Defendant's pending pro se Motions (# 270, 271). In Defendant's Motion for New Counsel, which the Court construes as a motion for substitute counsel, Defendant asserts that his attorney, J. Thomas Amburgey ("Amburgey"), violated his attorney client privilege and his Fourth Amendment and Fourteenth Amendment rights. Def.'s Mot. New Counsel (# 271) at 1.

At the October 2, 2018 hearing, Defendant was present, Amburgey was present, and the Government was represented by Assistant United States Attorney Thomas Michael Kent. Having heard from Defendant, his counsel, and the Government, the Court now makes the following findings:

**Findings**: In a sealed hearing, Defendant represented that he wished to withdraw his motion for new counsel upon certain conditions. The Court finds that Amburgey cannot meet those conditions. The Government represented that it had

no position on Defendant's Motion for New Counsel and would defer to the Court.

**Discussion**: With respect to Defendant's Motion for New Counsel, the Court noted that there are three factors that the Court must consider. First, the Court must consider the timeliness of the motion. Second, the Court must inquire as to the reasons Defendant no longer wishes for counsel to represent him. Third, the Court must consider whether there is such a conflict between Defendant and his counsel, which is so great that it is resulting in the lack of communication such that it is preventing an adequate defense.

Under the first factor, the Court noted that Amburgey was appointed just a little over two weeks ago. Under normal circumstances, Defendant's request for new counsel would be deemed to be at an early stage in the proceedings. In this case, however, presiding District Judge Reidinger has set a hearing regarding the petition that alleges Defendant has violated the terms of his supervised release for October 9, 2018. Defendant's request for new counsel can be viewed as both very timely, and it can be viewed as untimely, considering the rapidly approaching hearing.

As for the second factor, the Court has gone into the reasons Defendant no longer wishes for Amburgey to represent him. This discussion was part of a sealed proceeding and will not be addressed. It does, however, appear that Defendant has reasons in his own mind for seeking new counsel.

Finally, with respect to the third factor, the Court has considered whether there is a conflict so great between Defendant and Amburgey that it is resulting in the lack of communication that is preventing an adequate defense. The Court does not see that there is a lack of communication on the part of Amburgey, but it appears Defendant believes such could be the case.

In sum, Defendant's Motion for New Counsel is GRANTED. Amburgey is released from his representation of Defendant.[1] The Court ADVISES the newly-appointed counsel that there may be an issue of Defendant's competency, which warrants them filing a motion to have Defendant's competency examined.[2] On April 13, 2015, Defendant filed a motion (# 222) appealing the Court's decision to allow him to represent himself. Attached to the motion is a document that appears to have come from an Administrative Law Judge's decision regarding Social Security or some type of social benefits. The document reflects that Defendant suffers from a cognitive disorder, bipolar disorder, and post-traumatic stress disorder. In addition, the document shows that Defendant has suffered two brain aneurysms. Defendant may continue to be suffering from these problems.

With respect to Defendant's Motion for Bond and Court Date (# 270), the Court noted that Defendant stated in support of his motion that the Court allowed

---

[1] The Court notes that this is no reflection on Amburgey, as he is an excellent lawyer.
[2] The Court noted that Defendant's competency is an issue that the Government also may need to address.

hearsay testimony at his detention hearing. The Court advised Defendant that hearsay testimony is admissible at a detention hearing. The Court will address Defendant's Motion for Bond and Court Date after new counsel has been appointed.

**Conclusion**

Considering the foregoing, it is ORDERED as follows:

(1) Defendant's Motion for New Counsel (# 271) is GRANTED;

(2) The Federal Public Defenders Office is DIRECTED to appoint new counsel; and

(3) Defendant's Motion for Bond and Court Date (# 270) will be addressed after new counsel has been appointed.

Signed: October 3, 2018

_____
Dennis L. Howell
United States Magistrate Judge