# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:12-cr-00033-MR-DLH-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KENNETH ASHE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Petition," in which he requests that the Court dismiss or reduce his term of supervised release. [Doc. 279].

On October 9, 2018, the Court revoked the Defendant's term of supervised release and sentenced him to a term of 10 months' imprisonment, to be followed by 48 months of supervised release. [Doc. 274]. The Defendant filed a notice of appeal of this Judgment on October 10, 2018. [Doc. 275]. The Fourth Circuit Court of Appeals appointed the Defendant counsel on October 17, 2018. [Doc. 281].

Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x

243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). As such, this Court lacks jurisdiction to entertain the Defendant's motion.

Moreover, the Defendant is currently represented by counsel on appeal. The Court does not ordinarily entertain motions filed by a criminal defendant who is represented by counsel and who has not formally waived his right to counsel. See LCrR 47.1(g). Thus, even if the Court could exercise jurisdiction over the Defendant's motion, it would be denied as improperly filed.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition" [Doc. 279] is **DENIED**.

**IT IS SO ORDERED**.

Signed: November 7, 2018

Martin Reidinger
United States District Judge