# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:12-cr-00033-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KENNETH ASHE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Complaint and Other Initiating Documents," which the Court construes as a motion challenging the BOP's denial of his request for placement in a halfway house as well as his security designation. [Doc. 301].

The Bureau of Prisons (BOP) has the authority to designate both the location of an inmate's place of imprisonment and the inmate's security designation. See 18 U.S.C. § 3621(b). Before seeking relief from any court regarding these issues, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). Once all administrative remedies have been exhausted, a defendant may challenge his placement and security

designation only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Complaint and Other Initiating Documents," which the Court construes as a motion challenging the BOP's denial of his request for placement in a halfway house as well as his security designation [Doc. 301], is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 10, 2019

Martin Reidinger
United States District Judge